IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROXANNA MARIE ARNOLD,

     Plaintiff,                   No. CIV S-07-865 KJM

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.              ORDER
_____/

     Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter for immediate payment of benefits.

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated December 28, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of mild degenerative changes of the thoracic and lumbar spine, chronic low back pain, chronic neck pain, lumbar facet arthropathy and lumbar strain with sciatica but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff retains the residual functional capacity to lift 15 pounds occasionally and 10 pounds frequently, walk/stand three hours intermittently, and sit five hours intermittently, while avoiding climbing

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1  ladders/scaffolds, and avoiding working at heights; plaintiff can perform her past relevant work
2  as a patient service representative; and plaintiff is not disabled. Administrative Transcript
3  ("AT") 52-53. Among other assertions of error, plaintiff contends the ALJ improperly accorded
4  minimal weight to the opinions of two treating physicians. Plaintiff's argument in this regard is
5  persuasive and dispositive of this matter.
6  II. Standard of Review
7  The court reviews the Commissioner's decision to determine whether (1) it is
8  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
9  record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
10 Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
11 Substantial evidence means more than a mere scintilla of evidence, but less than a
12 preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
13 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a
14 reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402
15 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
16 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler,
17 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
18 detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
19 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of
20 supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If
21 substantial evidence supports the administrative findings, or if there is conflicting evidence
22 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
23 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
24 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
25 1335, 1338 (9th Cir. 1988).
26 /////

III. Analysis

Plaintiff contends the ALJ improperly accorded minimal weight to the opinions of treating physicians Drs. Katzenmeyer and Tarasenko. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

In a report dated April 13, 2004, plaintiff's treating physician, Dr. Katzenmeyer, opined plaintiff was limited to occasional lifting up to ten pounds, breaks every fifteen minutes, and a maximum number of four hours in the work day. AT 321. Dr. Katzenmeyer assessed similar limitations in a spinal impairment questionnaire. AT 177-183. Another of plaintiff's

treating physicians, Dr. Tarasenko, opined on September 9, 2005, that plaintiff was limited to sitting or standing/walking to one hour. AT 341-347. Both physicians cited radiological evidence as well as clinical findings in support of the limitations. AT 178-179, 342.

The ALJ accorded minimal weight to these opinions. AT 51-52. The ALJ's reasons for rejecting the opinions of treating physicians were that the MRIs did not show significant abnormalities, the opinions are inconsistent with the state agency determinations and the functional assessment of consultative examining physician Dr. Bermudez, the medical records do not support the limitations assessed by the treating physicians, and there is no record of hospitalizations or surgery. AT 51-52, 299-306, 336-340. Upon review of the entire record, the court concludes the ALJ's stated reasons do not meet his burden of setting forth specific and legitimate reasons supported by the record, as explained below.

Both physicians cited plaintiff's MRIs as being significantly abnormal. The August 2001 MRI impression noted a left neural foraminal annular tear and, by July 2004, compromise of the left L5-S1 neural foramen with possible displacement of the exiting left L5 nerve sleeve was evident on MRI examination. AT 178, 286, 335, 342. In this context, the ALJ's reliance on the assessments of the state agency physicians and examining physician cannot be upheld. Although Dr. Bermudez relied on her own independent clinical findings, no longitudinal records were provided for Dr. Bermudez's review in August 2005, and the only film made available to her for review was the August 2001 MRI. AT 162, 340. It appears the state agency physicians also did not review the 2004 MRI. AT 297-298, 301. Thus, the opinions of the physicians whose opinions the ALJ favored were based on an incomplete record. In addition, in according little weight to the opinions of the treating physicians, the ALJ appears to have ignored the significant pain medications prescribed for plaintiff and the steroid injections and nerve root blocks she underwent in an attempt to alleviate her pain. AT 205-206, 210, 230, 235, 317-318, 331, 348, 367. Given this omission, the ALJ's weighing of the record medical opinions cannot be upheld.

5

The remaining question is whether to remand this case to the ALJ or to order the payment of benefits. "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Generally, the court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1987).

Here, the ALJ improperly rejected the opinions of Drs. Katzenmeyer and Tarasenko. Where the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the court] credit[s] that opinion as a matter of law." Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995). If either physician's opinion is credited, plaintiff must be found disabled because plaintiff cannot perform a combination of sitting, standing and walking for eight hours per day. AT 180, 343; see also SSR 96-8 ( "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). Dr. Katzenmeyer opined plaintiff's disabling limitations began on April 29, 2001, the alleged onset date of disability. AT 183. No further development of the record is required in this case.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

/////
/////
/////
/////
/////
/////

1. Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for summary judgment is granted.

    2. The Commissioner's cross-motion for summary judgment is denied.

    3. This action is remanded to the Commissioner for immediate payment of benefits.

DATED: September 29, 2008.

_____
U.S. MAGISTRATE JUDGE

006
arnold.ss