IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROXANNA MARIE ARNOLD,

        Plaintiff,                  No. CIV S-07-865 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

        /

        Plaintiff's motions for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), and under the Social Security Act, 42 U.S.C. § 406(b), are pending before the court. Plaintiff requests EAJA fees in the amount of $6,233.93 and section 406(b) fees in the amount of $12,712.00. Plaintiff's counsel concedes that the amount awarded under section 406(b) should be offset in the amount awarded under EAJA.

        Plaintiff seeks fees under EAJA based on 37.45[1] hours at the rate of $166.46 per hour. Only in opposition to the motion for EAJA fees does defendant contend that the amount of hours claimed is unreasonable.

/////

---

[1] In the moving papers, plaintiff requested compensation for 36.7 hours. In the reply, plaintiff requests an additional 0.75 hours for preparing the reply.

1

1    EAJA provides that the prevailing party in a civil action against the United States
2 may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the
3 action. An applicant for Social Security benefits receiving a remand under sentence four of 42
4 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in
5 obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the
6 matter was remanded under sentence four for immediate payment of benefits pursuant to the order
7 of the court on cross-motions for summary judgment. See Order filed September 30, 2008.
8 Plaintiff thus is entitled to an award of fees under EAJA. The court must allow the fee award
9 unless it finds that the position of the United States was substantially justified. Flores v. Shalala,
10 49 F.3d 562, 568-69 (9th Cir. 1995). Defendant does not contend that plaintiff is not entitled to
11 EAJA fees and the court does not find substantial justification in the position of the United States.
12 Fees under EAJA therefore will be awarded.
13    EAJA directs the court to award a reasonable fee. In determining whether a fee is
14 reasonable, the court considers the hours expended, the reasonable hourly rate, and the results
15 obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S.
16 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). Defendant contends that the hours
17 expended by plaintiff's counsel are unreasonable. Specifically, defendant argues that 0.75 hours
18 for drafting the complaint, 7.5 hours for reviewing and marking the 569 page administrative
19 record, and 0.75 hours for drafting the fee petition should not be compensated.
20    In reviewing the transcript, briefing on the cross-motions for summary judgment
21 and order granting remand in this case, as well as the time expended on tasks as set forth in
22 plaintiff's counsel's schedule of hours, the court finds the hours claimed are reasonable. The
23 court has scrutinized closely the hours claimed by counsel and finds no reason to believe they are
24 inflated. Defense counsel's claim that the time spent on preparing the motion for attorney's fees
25 might have been obviated had more timely efforts been made to settle the claim is entirely
26 /////

speculative and in fact belied by the arguments defense counsel now makes in opposition. EAJA fees therefore will be awarded in the amount requested.

Plaintiff also requests fees under the Social Security Act in the amount of $12,712.00, representing 25 percent of plaintiff's past due benefits. 42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

Counsel seeks fees for 36.7 hours. Based on the quality of counsel's representation and the results achieved in this case, as discussed above, the undersigned finds the amount of hours expended to be reasonable. The hourly rate of $346.37 also is reasonable. Accordingly, attorneys' fees will be awarded under section 406(b) in the amount of $12,712.00. Because this amount is greater than the amount awarded under EAJA, the award made under EAJA shall be refunded to plaintiff. Gisbrecht, 535 U.S. at 796.

/////

/////

3

Accordingly, IT IS HEREBY ORDERED that:

1. Fees under EAJA are awarded to plaintiff in the amount of $6,233.93. Said fees shall be made payable to plaintiff's counsel but shall be refunded to plaintiff.

2. Fees under section 406(b) are awarded in the amount of $12,712.00.

DATED: March 23, 2009.

_____
U.S. MAGISTRATE JUDGE

006
arnold.fee